The opinion of the Court was delivered by
Nott, J.
There is nothing more correct than that a plaintiff, in an action of slander, as well as in every other, must set forth a good'cause of action in his declaration. Where words are not of themselves actionable, and no special damage is laid, they must be shown to be so, by proper averments, or by setting out the colloquium. Thus, to say of a person that he has sworn falsely, is not actionable, unless it be averred that the oath was taken in the course of some judicial proceeding; or unless it is made apparent by the colloquium. The libel, in this ease, states that the plaintiff made an affidavit before Justice Mitchell, and that it was false. That in consequence of that affidavit, the defendant was bound over to Court, and was indicted, tried and convicted. It appears, then, on the face of the declaration, to have been taken before a justice of the peace, in the course of a judicial proceeding, and was the ^foundation of a subsequent prosecution, in a Court of justice. I cannot, therefore, view it in any other light than as a direct charge of perjury. No other colloquium or averment, than what the declaration contains, was necessary to show that fact.
The question made, in the second ground, is, in principle, embraced in the first, and decided by it.[1] The third ground cannot be sustained, on a motion in arrest of judgment. If it could have availed the defendant, in any way, it must have been on a motion for a new trial, and I am not prepared to say, that such a motion ought to have prevailed ; for defendant’s counsel admitted the libel, and dispensed with the attenance of the witness to prove the printed publication, and no objection was made to the manuscript, in which there appears to be an immaterial variance, until the testimony had closed, and the argument commenced. But it certainly cannot be supported as a ground in arrest of judgment. I will not say the Court ought never to grant a new trial, on a motion in arrest of judgment, when a ground is taken which only furnishes good cause for a new trial[2] but it can only be considered as a matter of discretion with the Court, where otherwise, justice must be saci’ificed to form, and can never be claimed as a matter of right by the party. In this case the defendant does not appear to have such a claim on the discretion of the Court. For, although, .where a party professes to set a writing, secundum tenorem, he must do it literally, yet, it is a technical rule to law, to which the Court may oppose a technical rule of practice, to promote the ends of justice.[3] The libel given in evidence was substantially the same as that set forth in the declaration. No injustice then has been done the defendant. He cannot complain of surprise, for he made no objection to the testimony.
J. P. White, for the motion. Bennett, contra.
The substance of the fourth, and last ground, is, that because the charge is false, it cannot be slanderous.
It has sometimes been said,the greater the truth, *the greater the libel.” But J never understand that to he an universally received opinion. And much less, have I ever supposed, that the falsehood of a libel rendered it harmless., And it is no palliation of the offence, that the plaintiff has suffered no injury by the slander.
The motion must therefore, be refused.*
All the judges concurred.

 Post. 552.

 5 Rieli. 418; 1 Hill, 75; Post, 431, 549.

 4 Rieli. 23; 6 Rich. 387.

 It may not be uninteresting to the profession to publish, the following case, taken from MSS. Rep. of Judge Nott :
*Milom v. Burnsides, et al.
This was an action of slander, brought by the plaintiff, who was a major in the militia, against several defendants, subordinate officers in the same battalion.
The slander was contained in a written instrument addressed to the colonel of the regiment, and subscribed by the defendants, charging the plaintiff with several crimes, and praying for a Court of Inquiry, to inquire into the truth of the allegations, &e.
The defendants plead in bar to the action, (in substance,) that the words were uttered by them in the course of a regular proceeding against the plaintiff, as a superior officer, for ungentlemanly conduct; and contended that if the plaintiff had any remedy, it was before a military tribunal, but that the matter was not cognizable in this court.
The plaintiff replied, and issue was joined to the country.
Mr. Justice Tkezevant, who tried the cause, without attending to the issue, took up the matter upon the plea in bar, and thinking it a sufficient justification, ordered a nonsuit. Application was now made to the Constitutional Court to set aside the nonsuit.
The Court (Columbia, November, 1803) decided, that, by the articles of war, a Court of Inquiry could only be called by the party accused, and not by the accusers; that the proceedings, therefore, before the Court of Inquiry, were irregular. But, that if their proceedings had been regular, yet if the charges were false and malicious,[1] they should not shelter themselves under a plea that; it was a matter altogether of military cognizance, but that they were liable to answer for it in damages before a civil tribunal. Motion granted, (a)
Present, Justices Geimke, Waties, Tkezevant, Johnson, and Bkevakd.
Dunlap, for the motion. Farrow, contra.

 1 Hill, 199 ; 2 N. & McC. 55.

 Philips v. Fowler, 2 Comyn’s Rep. 525; King v. Gough, 2 Doug. 797; Starkie on Slander, 637. But see Respublica v. Lacase, 2 Dall. 121.

 See Starkie on Slander, 315, 316; Kennedy v. Lowry, 1 Binney Rep. 395, and note.

 Starkie on Slander, 17.

 See Sutton v. Johnstone, 1 Term Reports, 493. R

 4 Rich. 258; 1 Rich. 187; 9 Rich. 614.